# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

KEVIN R. ZEIGER,                              )
                                              )
         Plaintiff,                    )
                                              )
vs.                                           )   No. 05-3228
                                              )
ILLINOIS DEPARTMENT OF CORRECTIONS,           )
and ROGER E. WALKER, not individually but     )
as Director, Illinois Department of Corrections, )
                                              )
         Defendants.                   )

## OPINION

RICHARD MILLS, U.S. District Judge:

    Plaintiff Kevin R. Zeiger ("Zeiger") sued his employer, Defendant Illinois Department of Corrections ("IDOC"), alleging both discrimination and a failure to accommodate under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. Both Zeiger and the IDOC now move for summary judgment (d/e 20, 22, 25).

## FACTS

Zeiger is a lieutenant employed by the IDOC. From 1989 to 2001, he worked at the Western Illinois Correctional Center ("WICC"), a facility under the management of Warden William Boyd ("Boyd"). In his position at WICC, Zeiger was responsible for supervising other employees as well as handling inmate disputes.

Sometime around 2001, WICC went through operating changes. Zeiger's role in implementing these changes caused him great stress and exacerbated his preexisting conditions of depression and anxiety. Seeking to escape these pressures, Zeiger had his physician, Dr. Lagoski, send a letter to Boyd on May 30, 2001. Dr. Lagoski explained that Boyd was preoccupied with policy changes at WICC, and that Zeiger believed a transfer to the Clayton Work Camp ("Clayton") would be therapeutic. The job at Clayton involved the same responsibilities and duties as the one at WICC, but Clayton was smaller and, according to Zeiger, involved less confrontation. Boyd, however, refused to approve the transfer. Zeiger also asserts he had a conversation with Boyd about transferring at some point

during the first half of 2001. Again, no transfer followed.

On July 24, 2001, Zeiger and Captain King, one of his supervisors, had a misunderstanding, apparently about work assignments. Zeiger alleges that Captain King overreacted to the problem by accusing him of being intoxicated and forcing him to take a sobriety test. Though he passed the test, Zeiger alleges that this confrontation exacerbated his medical problems.

Following this episode, Zeiger claims that his symptoms rapidly worsened. By August 7, he was placed on temporary disability leave, where he remained until June 2003. During this period, Zeiger asserts that he had difficulty sleeping and was wary of crowds. Although he continued to engage in activities such as mowing his lawn, he professed to be unable to attend his daughter's graduation. By June 2003, however, Zeiger was able to return to work. He worked one week at WICC before transferring to Clayton.

On January 4, 2006, Zeiger filed his First Amended Complaint alleging discrimination and a failure to accommodate in violation of the

ADA. In particular, Zeiger argues that Boyd's refusal to grant his transfer request constituted a failure to accommodate and that Captain King's actions involved disparate treatment.[1] Further, he claims that Boyd failed to engage in an interactive accommodation process by summarily dismissing his request without further investigation. Zeiger now moves for summary judgment on these claims. The IDOC has also moved for summary judgment, asserting that Zeiger has failed to establish that he is "disabled" within the meaning of the ADA and, alternatively, that no reasonable accommodation was available.

## APPLICABLE STANDARDS

"Summary judgment is proper when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Henry v. Jones*, 507 F.3d 558, 563 (7th Cir. 2007) (quoting Fed. R. Civ. P.

---

[1] Aside from other infirmities, this claim was not developed in the record and was contradicted by Zeiger's own testimony that Captain King's actions were based on a work-related misunderstanding. (Def. Mot. for Summ. J. App. Ex A at 23-27.)

4

56(c)). "Only disputes as to facts which are material, i.e., 'facts that might affect the outcome of the suit under the governing law,' and genuine, i.e., disputes for which 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party,' will preclude summary judgment." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir.), *cert. denied*, 128 S. Ct. 654 (2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

In the context of cross-motions, courts "construe all inferences in favor of the party against whom the motion under consideration is made." *Tegtmeier v. Midwest Operating Eng'rs Pension Trust Fund*, 390 F.3d 1040, 1045 (citations and internal quotations omitted). Nevertheless, inferences based on speculation or conjecture will not defeat a summary judgment motion. *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citing *McDonald v. Vill. of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004)).

## ANALYSIS

Zeiger asserts claims of discrimination and a failure to reasonably accommodate in violation of the ADA. *See* 42 U.S.C. § 12112(a),

(b)(5)(A). However, as a precondition to bringing such claims, a plaintiff must qualify as "disabled" within the meaning of the ADA. *Cassimy v. Bd. of Educ. fo Rockford Pub. Sch., Dist. No. 205*, 461 F.3d 932, 935-36 (7th Cir. 2006).

To meet the ADA's definition of "disability," Zeiger must demonstrate a physical or mental impairment substantially limits one of his major life activities.[2] 42 U.S.C. § 12102(2)(A). The first two elements are met. Neither party disputes that Zeiger's depression and anxiety are impairments, *see, e.g., Ogborn v. United Food and Commercial Workers Union, Local 881*, 305 F.3d 763, 767 (7th Cir. 2002), or that sleep and working[3]

---

[2]No argument is made with respect to the other two means of establishing "disability." *See* 42 U.S.C. § 12102(2)(B)-(C).

[3]Zeiger also asserts that he is substantially limited in the major life activity of interacting with others. Although the Seventh Circuit has not decided the issue, other circuits have recognized that interacting with others qualifies as a major life activity. *See Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 202 (2d Cir. 2004); *McAlindin v. County of San Diego*, 192 F.3d 1226, 1234-35 (9th Cir. 1999), *amended by* 201 F.3d 1211 (9th Cir. 2000). *But see Rohan v. Networks Presentations LLC*, 375 F.3d 266, 274 (4th Cir. 2004) (expressing doubt about *McAlindin*); *Soileau v. Guilford of Me., Inc.*, 105 F.3d 12, 15 (1st Cir. 1997) (questioning whether "get[ting] along with others" constitutes a major life activity). Zeiger,
(continued...)

constitute major life activities, *see Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 781-84 (7th Cir. 2007). The disputed question is whether the evidence shows that these activities were substantially limited by Zeiger's impairments at the time of the alleged ADA violations.

"Not every medical affliction amounts to, or gives rise to, a substantial limitation on a major life activity." *Cassimy*, 461 F.3d at 936. Rather, major life activities are substantially limited where the plaintiff is either "[u]nable to perform a major life activity that the average person in the general population can perform" or is "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the . . . average person in the general population . . . ." 29 C.F.R. § 1630.2(j)(1)(i)-(ii). Pertinent factors include "(i) [t]he nature and severity of the impairment; (ii) [t]he duration

---

[3](...continued)
however, fails to cite any cases or conduct any significant analysis on this issue. Given the dearth of argumentation, this Court will follow the approach employed by the appellate court, which, when faced with the same situation, treated "interacting with others" as a factor in analyzing other established major life activities. *Emerson v. Northern States Power Co.*, 256 F.3d 506, 511 (7th Cir. 2001).

or expected duration of the impairment; and (iii) [t]he permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." § 1630.2(j)(2). Overall, however, "[t]he critical question . . . is what was the effect of the impairment on the life of the individual." *Cassimy*, 461 F.3d at 936 (citing *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 483, 119 S. Ct. 2139, 144 L. Ed. 2d 450 (1999)).

    A.    **Substantial Limitation on Working**

Zeiger claims that his depression and anxiety substantially limited his ability to work. While the ability to work is a major life activity, *Squibb*, 497 F.3d at 781-82 (citing *Kupstas v. City of Greenwood*, 398 F.3d 609, 612 (7th Cir. 2005); 29 C.F.R. § 1630.2(i), (j)(3)), it requires a special showing to establish a substantial limitation: the individual must be "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities," § 1630.2(j)(3)(i). Zeiger has not offered any evidence that he was precluded from performing other jobs. Quite the contrary, Zeiger has consistently maintained he could perform his same job

8

at Clayton but not at WICC. However, "[t]he inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Id.* Rather, "one must be precluded from more than one type of job, a specialized job, or a particular job of choice." *Sutton*, 527 U.S. at 492, 119 S. Ct. 2139, 144 L. Ed. 2d 450. Zeiger offers no evidence that he was precluded from performing any job except that of a lieutenant at WICC.[4] Therefore, his evidence is insufficient to support a finding that his impairments substantially limit his ability to work.

### B. Substantial Limitation on Sleeping

Zeiger also asserts a substantial limitation in the major life activity of sleeping. While sleeping qualifies as a major life activity, a plaintiff relying on this activity must provide evidence showing "prolonged, severe and long-term" limitations. *Squibb*, 497 F.3d at 784 (citations omitted). "[A

---

[4]Zeiger's alleged limitation in interacting with others does not change the analysis. The work-related evidence shows only that Zeiger had difficulties working under Captain King at WICC, but that he believed he could perform his same duties, which included interaction with others, at Clayton. However, the inability to work under a single supervisor does not establish a substantial limitation on the ability to work. *Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1061-62 (7th Cir. 2000).

plaintiff's] generalized assertions that [he] is unable to sleep for substantial periods of time, unsupported by any additional evidence, medical or otherwise, and unenhanced by claims that this lack of sleep affects [his] daytime functions, are insufficient to create a genuine issue of fact . . . ." *Id*.

Zeiger's evidence on this score is woefully insufficient. Although the record contains a number of medical reports, only one of them makes even cursory mention of sleep difficulties.[5] More importantly, essential details such as how much Zeiger slept each night and how the lack of sleep affected his daytime functions are not included. Zeiger's own statements regarding sleep, consisting mainly of a self-diagnosis of insomnia based on problems falling asleep, provide few elucidating details. Such generalized claims, lacking in both medical support and specificity, fall far short of establishing "prolonged, severe and long-term" limitations on sleeping. Therefore, Zeiger's assertions fail to create an issue of material fact regarding sleep limitations. *See id.*

---

[5]That report briefly notes that Zeiger "has had difficulty with sleep disturbance." (Def. Mot. for Summ. J. App. Exhibit I at 2.)

10

## CONCLUSION

Having failed to show that his impairment substantially limited a major life activity, Zeiger cannot qualify as "disabled" under the ADA. Accordingly, Zeiger's claims, premised entirely on the ADA, must fail.

Ergo, this Court DENIES Zeiger's motion for summary judgment (d/e 22, 25) and GRANTS the IDOC's motion for summary judgment (d/e 20).

IT IS SO ORDERED.

ENTERED:            March 11, 2008

FOR THE COURT:            /s Judge Richard Mills
            United States District Judge